UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MAXIM LEVIN and VODKA PROPERTIES, LLC**,

      **Plaintiffs,**                **DECLARATION**
                                                       Civil Action No.: 20-cv-1511

     **-vs.-**

**CITY OF BUFFALO, et al.**

      **Defendants.**

---

      **ROBERT E. QUINN,** Assistant Corporation Counsel, *of Counsel* to Cavette A. Chambers, Esq., Acting Corporation Counsel, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declare the following to be true and correct:

      1.      I am an attorney licensed to practice law in the Courts of the State of New York and in the United States District Court for the Western District of New York, and I represent the Defendants, CITY OF BUFFALO, BYRON W. BROWN, JAMES COMERFORD, JR., LOU PETRUCCI, TRACY KRUG, and KEVIN COYNE (collectively, "City Defendants") in this action. As such attorney, I am fully familiar with the facts and circumstances set forth below.

      2.      This Declaration is submitted in support of City Defendants' consent Motion to Modify the Court's Amended Scheduling Order dated October 5, 2021 *(Docket No. 20)* pursuant to Fed. R. Civ. P. 16(b)(4), upon a showing of good cause as set forth herein, allow for an additional ninety (90) days to complete discovery in this matter and also enlarge the remaining deadlines in accordance with this extension.

1

A.  **PROCEDURAL HISTORY OF CASE**

3. Plaintiffs filed a Complaint asserting various claims against the City Defendants and Empire Dismantlement Co., on October 19, 2020, summonses were subsequently issued, and the case was assigned to the Hon. John. L. Sinatra, Jr., and automatically referred to mediation in accordance with Section 2.1A of the Plan for Alternative Dispute Resolution. *(Docket No. 1, 2, and 3).*

4. The City Defendants, through counsel, thereafter filed and served an Answer to the Plaintiffs' Complaint on or about November 13, 2020. *(Docket No 6).*

5. Defendant, Empire Development filed an Answer to Plaintiffs' Complaint on or about November 16, 2020. (*Docket No. 7*)

6. Through a Text Referral Order issued by the Hon. John L. Sinatra on November 17, 2020, the Hon. Leslie G. Foschio, United States Magistrate Judge, was designated to act in this case as Magistrate Judge for, among other things, the hearing and disposition of all non-dispositive motions or applications.  (*Docket No. 8*).

7. The Parties' counsel all appeared on behalf of their respective clients at a Telephonic Scheduling Conference on January 12, 2021 *(Docket No. 11)* and on January 14, 2021 the Court issued a Scheduling Order. *(Docket No. 12).*

8. The parties then exchanged initial Rule 26 Disclosures, Interrogatories, Document Requests, and Deposition Notices, along with responses thereto and, upon information and belief, all counsel have been and are continuing to proceed cooperatively, in good faith, and every effort is being made to move discovery forward in an expedient and diligent manner.

9. Concurrently, an initial mediation session was held on or about April 4, 2021. *(Docket No. 14)*. A subsequent mediation session was scheduled and held about April 22, 2021, and discussions have continued throughout the case. (*Docket No. 15, 16, 17, 18, 21*). It is anticipated by your Declarant that additional mediation sessions will be scheduled after necessary depositions have been conducted.

10. After the exchange of initial paper discovery, counsel for the parties then began to schedule depositions, to begin with of the Plaintiff, on a mutually agreeable date. Over the next several weeks emails, letters, and phone calls were exchanged between your Declarant and counsel for the other parties.

11. After exchanging available dates, it was determined that the earliest mutually agreeable time at which to conduct depositions was after the Court's initial discovery deadline of October 29, 2021. (*Docket No. 18, 18-1*)

12. Accordingly, Plaintiffs' made a First Motion for Extension of Time to allow for more time to complete discovery, upon consent, which this Court granted through and Amended Scheduling Order entered on October 5, 2021. (*Docket No. 20*).

13. Shortly after, and in accordance with, the Court's Amended Scheduling Order, Plaintiffs' Deposition was scheduled for a mutually agreeable date and eventually conducted on November 17, 2021. Following Plaintiffs' depositions additional discovery was requested and, upon information and belief, responded to.

14. A deposition of a representative from Empire Dismantlement was then scheduled for a mutually agreeable date and conducted on December 10, 2021.

15. On or about December 20, 2021, Plaintiff then issued a number of additional paper discovery requests and proposed scheduling depositions of a number of City of Buffalo representatives for January 19, 20, and 21.

16. Unfortunately, due to your deponent's schedule and the witnesses' limited availability, we are unable to proceed with any depositions on those dates and, despite the parties efforts, they need to be rescheduled for a mutually agreeable date beyond the discovery deadline in the existing Amended Scheduling Order.

17. After circulating new dates to complete additional City depositions, the parties have set aside three days, March 1, 3, and 4, to conduct a number of City of Buffalo depositions, pending this Court granting the relief begged for herein.

18. By way of explanation for the schedule and availability of your Deponent, our office has recently lost several attorneys, including the Assistant Corporation Counsel assigned to handle cases involving police conduct, the Assistant Corporation Counsel assigned to handle permitting related matters, as well as the former Corporation Counsel earlier this month, and the existing case load has been re-distributed among the remaining litigation attorneys on top of their existing caseloads.

19. In addition, our office has also recently been involved in a number of matters which were not expected, and have therefore had to devote a significant amount of time which we would have otherwise been available for other matters, and as result our schedules are all very busy, and we are diligently working on all of our cases, including the present matter to ensure they move forward expeditiously.

20. Thus, there remains necessary discovery which needs to be conducted, and the parties appear to be unable to realistically comply with the January 27, 2022 deadline to complete discovery in the Court's Amended Scheduling Order, thus necessitating the present application.

B. **MODIFICATION OF THE CASE MANAGEMENT ORDER**

21. In light of these unforeseeable scheduling difficulties, the amount of discovery already completed, the ongoing discovery requests, and the diligence of the parties, the City Defendants respectfully request an extension of the January 27, 2022 deadline to complete discovery by at least 90 days, thereby to April 27, 2022.

22. It is respectfully submitted that good cause exists to extend these deadlines for the reasons set forth herein. As stated above, discovery has been ongoing and diligently moved forward, and the need to reschedule scheduling depositions was due to an inability to find mutually agreeable dates, and in light of unexpected and unforeseen increase in your Deponent's existing caseload.

23. Initial paper discovery and two depositions have already been completed and counsel is currently working cooperatively and diligently to schedule and complete all remaining depositions.

24. Additionally, an extension of 90 days is warranted here given the number of depositions that remain as well as the ongoing discovery requests, the potential for follow up requests, and the scheduling conflicts of each respective office, and we expect that it will allow for the completion of the remaining discovery.

25. If granted, the City Defendants would also request that all other deadlines in the Amended Scheduling Order be extended by 90 days, to remain in line with the deadline to complete discovery.

26. This Declarant has conferred with Plaintiffs' counsel and counsel for the Co-Defendant, and each has consented to the extension of all deadlines in the existing Amended Scheduling Order by 90 days.

**WHEREFORE,** the Defendants, respectfully request an Order of the Court modifying the Amended Scheduling Order dated October 5, 2021 in accordance with this Declaration, together with such other and further relief as the Court deems just and proper.

Dated:  January 18, 2022
        Buffalo, New York

    CAVETTE A. CHAMBERS, ESQ.
    Acting Corporation Counsel

    */s/Robert E. Quinn*
    Robert E. Quinn
    Assistant Corporation Counsel
    1102 City Hall : 65 Niagara Sq.
    Buffalo, New York 14202
    Tel.: (716) 851-4326
    Fax.: (716) 851-4105
    E-mail: rquinn@city-buffalo.com