UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAXIM LEVIN and
VODKA PROPERTIES LLC,

      Plaintiffs,

v.

CITY OF BUFFALO,
BYRON W. BROWN, Individually and in his capacity as the Mayor of the City of Buffalo,
JAMES COMERFORD, JR., Individually and in his capacity as the Commissioner of the Department of Permit & Inspection Services,
LOU PETRUCCI, Individually and in his capacity as the Deputy Commissioner of the Department of Permit & Inspection Services,
TRACY KRUG, Individually and in his capacity as an inspector for the City of Buffalo,
KEVIN COYNE, Individually and in his capacity as an inspector for the City of Buffalo, and
EMPIRE DISMANTLEMENT CO.,

      Defendants.

20-CV-1511 (JLS) (LGF)

---

EMPIRE DISMANTLEMENT CO.,

      Cross Claimant,

v.

BYRON W. BROWN, Individually and in his capacity as the Mayor of the City of Buffalo,
CITY OF BUFFALO,

JAMES COMERFORD, JR.,
Individually and in his capacity as the
Commissioner of the Department of
Permit & Inspection Services,
KEVIN COYNE, Individually and in his
capacity as an inspector for the City of
Buffalo,
TRACY KRUG, Individually and in his
capacity as an inspector for the City of
Buffalo, and
LOU PETRUCCI, Individually and in
his capacity as the Deputy
Commissioner of the Department of
Permit & Inspection Services,

     Cross Defendants.

## DECISION AND ORDER

On February 29, 2024, this Court issued a Decision and Order addressing, among other things, the parties' motions for summary judgment (Dkt. 28, 30, 31). Dkt. 66. The Court ordered that only Plaintiffs' third claim (as asserted against the City of Buffalo) may proceed—except that it reserved decision on Plaintiffs' seventh claim against the City of Buffalo. *Id.* Plaintiffs moved for reconsideration of that Decision and Order. *See* Dkt. 67.

For the reasons below, Plaintiffs' motion for reconsideration is DENIED. Further, summary judgment as to Plaintiffs' seventh claim against the City of Buffalo is DENIED. As a result, this action will proceed against the City of Buffalo on Plaintiffs' third and seventh claims.

2

## DISCUSSION

### I. MOTION FOR RECONSIDERATION

Plaintiffs seek, pursuant to "the Court's inherent authority as well as Fed. R. Civ. P. 54(b)," reconsideration of the "Court's dismissal of Plaintiffs' procedural due process claim and its grant of summary judgment to the individual defendants on qualified immunity grounds. . . ." *See* Dkt. 67-1.

The Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.1964)). Thus, "those decisions may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)).

Here, Plaintiffs fail to identify any proper grounds for reconsideration of the Court's Decision and Order. The motion at Dkt. 67, therefore, is denied.

## II. PLAINTIFFS' SEVENTH CLAIM

In the seventh cause of action, Plaintiffs assert a claim under 42 U.S.C. § 1983 based on alleged unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. *See* Dkt. 1 at 29-30. Judge Foschio recommended that this Court deny summary judgment as to the seventh claim because "questions of material fact" exist—specifically, "whether City Defendants' invocation of the Commissioner's emergency condemnation and demolition authority to demolish the Building were warranted based on the condition of the Building and Property. . . ." Dkt. 53 at 66.

This Court has carefully reviewed the [53] Report and Recommendation, the objections briefing, and the relevant record. Based on that *de novo* review, *see* Fed. R. Civ. P. 72(b)(3), this Court accepts Judge Foschio's recommendation. As such, Plaintiffs' seventh claim shall proceed against the City of Buffalo.[1]

---

[1] This Court's prior conclusions regarding qualified immunity, *see* Dkt. 66 at 10-16, do not alter this conclusion. *See Triolo v. Nassau Cnty.*, 24 F.4th 98, 108 n.7 (2d Cir. 2022) (the "'distinction between reasonableness as a component of a Fourth Amendment violation and reasonableness as a component of an immunity defense' results in a situation where 'an officer is protected in some circumstances even when he mistakenly concludes that probable cause is present when he reasonably believes that a reasonably prudent police officer would have acted even though a reasonably prudent police officer would not have acted.'") (quoting *Oliveira v. Mayer*, 23 F.3d 642, 649 (2d Cir. 1994)).

4

## CONCLUSION

In sum, Plaintiffs' [67] motion for reconsideration is DENIED. Further, summary judgment is DENIED as to Plaintiffs' seventh claim against the City of Buffalo. As a result, and for the reasons set forth in the Court's February 29, 2024 Decision and Order, see Dkt. 66, this action shall proceed against the City of Buffalo on Plaintiffs' third and seventh claims.

SO ORDERED.

Dated:    April 30, 2024
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE