UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



MAXIM LEVIN and
VODKA PROPERTIES LLC,

                20-CV-1511 (JLS) (LGF)

        Plaintiffs,

    v.

CITY OF BUFFALO,

        Defendant.

## DECISION AND ORDER

Plaintiffs Maxim Levin and Vodka Properties LLC (collectively, "Plaintiffs")

commenced this action pursuant to 42 U.S.C. § 1983 and New York law asserting

claims against various Defendants—including the City of Buffalo (the "City")—

relating to the demolition of a two-family residential building located at 393

Hampshire Street in Buffalo, New York. *See* Dkt. 1.

On February 29, 2024, this Court issued a Decision and Order addressing the

parties' motions for summary judgment, Dkt. 66, and ordered that this action shall

proceed against the City on Plaintiffs' Third claim (unlawful taking under 42 U.S.C.

§ 1983). *Id.* The Court dismissed Plaintiffs' remaining claims—except that it

reserved decision on Plaintiffs' Seventh claim (unreasonable search and seizure

under Section 1983) against the City. *Id.* In a subsequent Decision and Order, the

Court ordered that Plaintiffs' Seventh claim shall also proceed against the City. *See*

Dkt. 72. As a result, only Plaintiffs' Third claim and Seventh claim (as asserted against the City) remain.

The Court then set a trial date. *See* Dkt. 74. But in its trial brief, the City argued that Plaintiffs "cannot prevail at trial" because "the only claims that remain are brought under 1983 for constitutional violations against the City of Buffalo, and those claims fail under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)." Dkt. 95 at 16-17. As such, the City "suggest[s] that reconsideration is appropriate here, to avoid the unnecessary expenditure of time and resources at trial to result in a directed verdict." *Id.* at 18. The Court ordered supplemental briefing on this issue. *See* Dkt. 108.

In its supplemental memorandum, the City argues that, in "dismissing Plaintiffs['] claims for Municipal Liability" and "granting the City Defendants' motion as to the individually named defendants, the Court foreclosed any opportunity for the Plaintiffs to prevail under § 1983 for alleged constitutional violations at trial." Dkt. 109 at 9. And because the "only two (2) remaining claims are asserted under § 1983 against the only remaining defendant, the City of Buffalo, the Plaintiff cannot prevail at trial." *Id.* The City, therefore, "submits that the Complaint should be dismissed through reconsideration or a directed verdict prior to proof in the sake of judicial economy." *Id.*

In response, Plaintiffs "agree[d] that a municipality cannot be held liable for a Fourth [Amendment] violation unless under *Monell* . . . ." Dkt. 110 at 2n.1. But Plaintiffs maintain that they "have demonstrated substantial factual disputes

2

regarding the City's unlawful taking of their property under the Fifth Amendment."
*Id.* at 4. According to Plaintiffs, therefore, "this case must proceed to trial." *Id.*[1]

For the reasons below, Plaintiffs' remaining claims are not viable. As such,
the action is dismissed in its entirety.

## DISCUSSION

## I.    RECONSIDERATION STANDARD

The Court "may justifiably reconsider its previous ruling if: (1) there is an
intervening change in the controlling law; (2) new evidence not previously available
comes to light; or (3) it becomes necessary to remedy a clear error of law or to
prevent manifest injustice." *Chompupong v. City of Schenectady*, No.
117CV929MADCFH, 2021 WL 1758803, at *1 (N.D.N.Y. May 4, 2021) (citing
*Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995); *Doe v. New York City
Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The "standard for granting [a motion for reconsideration] is strict, and
reconsideration will generally be denied unless the moving party can point to
controlling decisions or data that the court overlooked—matters, in other words,
that might reasonably be expected to alter the conclusion reached by the court."
*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A "motion to
reconsider should not be granted where the moving party seeks solely to relitigate
an issue already decided." *Id.* Thus, such a motion is "not a vehicle for relitigating
old issues, presenting the case under new theories, securing a rehearing on the

---

[1] The City then replied. Dkt. 111.

3

merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Reconsideration is appropriate on this record. As such, the Court will reconsider, in part, its prior rulings on the parties' motions for summary judgment (Dkt. 66, 72). And for the reasons below—namely, that Plaintiffs failed to establish any viable municipal (or *Monell*) liability—Plaintiffs' remaining claims (the Third and Seventh claims against the City) are now dismissed.

## II.    MUNICIPAL LIABILITY

Under Section 1983, "a municipality may be liable for the violation of a person's civil rights only if the moving force behind that violation was an official policy or custom of the municipality." *Williams v. Town Of Southington*, 2000 WL 232054, at *2 (2d Cir. 2000) (citing *Monell*, 436 U.S. at 690-94). A "plaintiff 'must first prove the existence of a municipal policy or custom' that caused [his] injuries, and must establish a causal connection between the policy and the alleged civil rights violation." *Id.* (quoting *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985), *cert. denied*, 480 U.S. 916 (1987)).

A "municipal policy or custom may be proved by showing that the government officials responsible for establishing municipal policies took the actions or made the decisions [that] caused the alleged violation of the plaintiff's civil rights." *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986)). And "under certain circumstances[,] a single decision by municipal policymakers may constitute a practice or policy sufficient to establish municipal liability under

4

§ 1983." *Id.* (citing *Pembaur,* 475 U.S. at 480). Indeed, "[a]bsent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones v. Town of E. Haven,* 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. at 691)). *See also Connick v. Thompson,* 563 U.S. 51, 60 (2011) (local governments "are not vicariously liable under § 1983 for their employees' actions").

In this case, Magistrate Judge Foschio concluded that, under *Monell,* "Plaintiffs have adduced no evidence regarding the asserted demolitions amounting to an official policy or custom . . . ." Dkt. 53 at 72. He recommended, therefore, that this Court grant summary judgment to Defendants on Plaintiffs' Tenth claim ("Violation of the Fourteenth Amendment Policy, Custom, and Practice of Defendants and Failure to Train under 42 U.S.C. § 1983 Against the City of Buffalo"). *See id.* at 71-72. This Court accepted and adopted that recommendation. *See* Dkt. 66 at 5-6. And that conclusion remains valid.

As a result, given the absence of any "official policy or custom" that deprived Plaintiffs of any Constitutional right, all of Plaintiffs' Section 1983 claims against the City are not viable. *See Williams,* 2000 WL 232054, at *2.

Indeed, courts in this Circuit have dismissed Section 1983 claims against municipalities for alleged Constitutional violations for failure to satisfy *Monell.* For example, in *Smith v. City of Albany,* No. 1:03-CV-1157, 2006 WL 839525 (N.D.N.Y. Mar. 27, 2006), aff'd, 250 F. App'x 417 (2d Cir. 2007), the plaintiff "assert[ed] five claims under 42 U.S.C. § 1983"—namely, that "his rights under the Fourth, Fifth

and Fourteenth Amendments were violated by defendants 'under color' of the City of Albany ordinance[,] which authorized demolition of his property." *Id.* at *8.  The Court dismissed Plaintiffs' claims against the City, reasoning that "plaintiff has submitted no evidence in his moving or opposition papers to establish municipal liability in accordance with the well-established *Monell* standard." *Id.  See also Birdsall v. City of Hartford*, 249 F. Supp. 2d 163, 174 (D. Conn. 2003) (dismissing Section 1983 claims for constitutional violations against the City of Hartford because the plaintiff did "not allege that there was a specific municipal policy that was the root cause of his injuries, nor [did] he suggest that there was a custom of constitutional abuses beyond the incident alleged in his complaint");[2] *Khapesi v. City of New York*, No. 13-CV-4149 WFK, 2013 WL 3934238, at *1 (E.D.N.Y. July 30, 2013) ("to the extent Plaintiff seeks to bring a [Section 1983] claim against the City of New York, his claim must be dismissed as Plaintiff has failed to allege facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of Plaintiff's federally protected rights").

In addition, at least one other court in this Circuit has dismissed analogous claims in the present posture.  In *Chompupong v. City of Schenectady*, No. 117CV929MADCFH, 2021 WL 1758803 (N.D.N.Y. May 4, 2021), the court concluded, at summary judgment, "that questions of material fact remained as to Plaintiffs' Fourth Amendment, Fifth Amendment, and state law claims [against the

---

[2] The Court stated that, although it was "unclear whether [the plaintiff's] Fifth Amendment claims [were] premised on the Due Process Clause or the Takings Clause," the "claims cannot be sustained" in "either case." *Id.* at 170.

defendant city], but that Plaintiffs had failed to establish *Monell* liability." *Id.* at
*1. Upon reconsideration, the city argued that "the Court must dismiss Plaintiffs'
Fourth and Fifth Amendment claims because it found that Plaintiffs failed to plead
and prove a *Monell* claim against the City." *Id.* The Court agreed—concluding
that, because "*Monell* liability does not attach and Plaintiffs have not established
that their Section 1983 claims may be brought directly against the City[,] . . .
Plaintiffs' Fourth and Fifth Amendment claims against the City must be
dismissed." *Id.* at *3. *Chompupong* is persuasive here.

     Plaintiffs' cases are inapposite.  First, they rely on *Knick v. Twp. of Scott,
Pennsylvania*, 588 U.S. 180, 139 (2019), where the Supreme Court "overruled its
prior holding . . . that 'a property owner whose property has been taken by a local
government has not suffered a violation of his Fifth Amendment rights—and thus
cannot bring a federal takings claim in federal court—until a state court has denied
his claim for just compensation under state law." *Stensrud v. Rochester Genesee
Reg'l Transportation Auth.*, No. 23-765, 2024 WL 2104604, at *1 (2d Cir. May 10,
2024), *cert. denied*, 145 S. Ct. 377 (2024) (quoting *Knick*, 588 U.S. at 184). *Knick* did
not discuss *Monell* or the requirements for bringing a Section 1983 claim against a
municipality.  And the City here does not argue that Plaintiffs were required to
seek compensation in state court prior to bringing this lawsuit.

     Plaintiffs also cite *Progressive Credit Union v. City of New York*, 889 F.3d 40
(2d Cir. 2018), which pre-dates *Knick*.  Although the court there stated that
"takings claims may be asserted against local governments," *id.* at 55, it did not

discuss the requirements for such claims and, ultimately, concluded that "plaintiffs' takings claim [was] not ripe for review in federal court" because "plaintiffs [had] not yet asked the state for compensation . . . ." *Id.*

Lastly, Plaintiffs cite *One Barberry Real Est. Holding, LLC v. Maturo*, No. 3:17-CV-00985 (KAD), 2021 WL 4430599 (D. Conn. Sept. 27, 2021), for the proposition that "other district courts in the Second Circuit have allowed Section 1983 takings claims against municipalities to proceed to trial." *See* Dkt. 110 at 3. Although that court ultimately denied summary judgment as to the plaintiff's Takings Claim, it did so applying *Monell* and concluding that "Plaintiffs have identified a genuine issue of material fact as to whether the [Zoning Board of Appeals] ratified the actions of the individual Town officials." *One Barberry Real Est. Holding, LLC*, 2021 WL 4430599, at *10.

In sum, in the absence of *Monell* liability, Plaintiffs' remaining Section 1983 claims against the City may not proceed.

## CONCLUSION

For these reasons, the City's motion for reconsideration is GRANTED to the extent it seeks dismissal of Plaintiffs' Third and Seventh claims against the City. This action is DISMISSED—on summary judgment—in its entirety.  The Clerk of Court shall close the case.

SO ORDERED.

Dated:      March 4, 2025
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE